IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

CASE NUMBER:

ROOF REVOLUTION, INC. A/A/O
MORRIS HARRIS,

    PLAINTIFF,

V.

ACE INSURANCE COMPANY OF THE
MIDWEST,

    DEFENDANT.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Roof Revolution, Inc. a/a/o Morris Harris, by and through the undersigned attorney, and sues Defendant, ACE Insurance Company of the Midwest, and alleges as follows:

1. This is an action for breach of contract with damages more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, Plaintiff, Roof Revolution, Inc. a/a/o Morris Harris, (hereinafter "Plaintiff") was and is a Florida corporation with its principal place of business in Florida.

3. At all material times hereto, Defendant, ACE Insurance Company of the Midwest, was a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Collier County, Florida.

4.  In exchange for their services, Plaintiff brings this action as an assignee of Morris Harris (hereinafter "Insured") pursuant to the valid assignment agreement. Attached hereto and incorporated herein as Plaintiff's Exhibit "A" is a true and correct copy of said assignment agreement signed by the Insured and/or the Insured's authorized agent.

5.  Alternatively, Plaintiff has an assignment in equity based upon contracted services.

6.  Prior to September 10, 2017, the Insured sought and purchased homeowner's insurance from Defendant to cover their property located at 4260 Brynwood Drive, Naples, FL 34119, (hereinafter "Insured's Property"). Said policy of insurance, which is believed to be policy number 268195576 (hereinafter "Insured's Policy"), was issued by Defendant to the Insured to provide insurance coverage that included, but was not limited to, coverage afforded to protect the Insured's Property against damage caused by a hurricane.

7.  The Insured's Policy was issued by Defendant to the Insured and was in full force and effect as of September 10, 2017. A formal copy of the Insured's Policy is not currently in the possession of Plaintiff, but is well known to Defendant, and has been requested by Plaintiff through a Request to Produce served upon Defendant contemporaneously with this Complaint. *See* Equity Premium, Inc. v. Twin City Fire Ins. Co., 956 So.2d 1257 (Fla. 4th DCA 2007); Amiker v. Mid-Century Ins. Co., 398 So.2d 974 (Fla. 1st DCA 1981); Parkway General Hospital, Inc. v. Allstate Ins. Co., 393 So.2d 1171 (Fla. 3rd DCA 1981) and Sasche v. Tampa Music Co., 262 So.2d 17 (Fla. 2nd DCA 1972).

8.  On or about September 10, 2017, the Insured's Property and dwelling at 4260 Brynwood Drive, Naples, FL 34119, was damaged by a Hurricane. Said hurricane was covered under the Insured's Policy issued by Defendant to the Insured.

9. After the hurricane event described in paragraph 8 above, the Insured contracted with Plaintiff to provide necessary services to the Insured at the Insured's Property. In exchange for said services, the Insured agreed to allow the direct billing of Plaintiff's services performed at the Insured's Property to Defendant and agreed to assign rights under the Insured's Policy to Plaintiff.

10. Plaintiff has submitted reasonably priced estimates for the services provided or to be provided to the Insured at the Insured's Property to Defendant and has been unpaid or underpaid by Defendant for the same. (See estimate attached to Plaintiff's Exhibit "A".) This is an action related to Defendant's breach of contract and failure to pay full value for the services rendered to Plaintiff.

11. Jurisdiction and venue of this matter are proper in Circuit Court for Collier County, Florida.

### COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT

**COMES NOW** Plaintiff, Roof Revolution, Inc. a/a/o Morris Harris, by and through the undersigned attorney sues Defendant, ACE Insurance Company of the Midwest, and alleges as follows:

12. Plaintiff does hereby repeat and re-allege Paragraphs 1 through 11 above and incorporates the same by reference herein.

13. The Insured is a named insured under the homeowner's insurance policy of the Insured (the Insured's Policy described above) and said policy was in full force and effect as to the Insured at all times material to this Complaint, including when the Insured's Property was damaged as described above.

14. Plaintiff has complied with all conditions precedent to this lawsuit and to entitle Plaintiff to recover under the Insured's Policy or any such conditions have been waived.

15. Despite demand for payment, Defendant has failed or refused to pay full value for services rendered by Plaintiff to protect and return property to pre-loss condition.

16. Defendant's refusal to reimburse Plaintiff adequately for contracted services provided, and otherwise makes Plaintiff whole, constitutes a breach of contract.

17. Plaintiff has been damaged as a result of Defendant's breach in the form of insurance proceeds which have not been paid, interest, costs, and attorney's fees.

18. Plaintiff has been and remains fully prepared to comply with all of the obligations pursuant to the aforesaid contract of insurance.

19. As a result of Defendant's aforementioned breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorneys pursuant to Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

20. Plaintiff is entitled to recover attorney's fees and costs under Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes.

**WHEREFORE**, Plaintiff, Roof Revolution, Inc. a/a/o Morris Harris, by and through the undersigned counsel, demands judgment against Defendant, ACE Insurance Company of the Midwest, for all unpaid bills with interest on any overdue payments, costs, attorney fees pursuant to Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demands trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Date: February 8, 2021**

/s/Natisha N. Quijano, Esq.
**COHEN LAW GROUP**
Natisha N. Quijano, Esq.
Florida Bar Number: 096485
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax:(407) 478-0204
Primary: NQuijano@ItsAboutJustice.law
Secondary: yudith@itsaboutjustice.law